H. CHARLES GAUDIN, Justice Pro Tem.*
Rowan Williams was convicted of armed robbery and originally sentenced to 70 years at hard labor without benefit of probation, parole or suspension of sentence. The Supreme Court of Louisiana affirmed the conviction, State v. Williams, 397 So.2d 1287 (La.1981), but found the sentence constitutionally excessive and remanded for resen-tencing, suggesting that the record did not support a sentence in excess of 15 years.
We were of the opinion, and so stated, that Williams was an 18-year-old youth of below average intellect and that he acted under the domination of a militant father.
The excessiveness of a sentence is a reviewable question of law under appellate jurisdiction. La.Const. Art. 1, Sec. 20, Art. 5, Sec. 5(C).
After the initial opinion was rendered on April 6,1981, the State of Louisiana applied for a rehearing. In a per curiam denial of this application, this Court stated that the trial court, on remand, may consider additional evidence at the resentencing hearing and impose a new sentence justified by the record as amended.
Judge Alwine M. Ragland, who presided over the first trial, conducted a lengthy *372 resentencing hearing, following which she imposed a sentence of 40 years without benefit or probation, parole or suspension of sentence.
Williams is now back before this Court, contending that his 40-year sentence is excessive. We cannot agree.
Six persons, including Williams, participated in the armed robbery of Earl Lessley, Jr. and his family, during which Lessley was shot and fatally injured by Lee Andrew Carroll.
Carroll entered a plea of guilty to second degree murder and was sentenced to life imprisonment. John Williams, alias Kwab-lah, was convicted and given 50 years at hard labor without benefit of probation, parole or suspension of sentence. John Williams is Rowan Williams’ father.
Three others, Darnell Washington, Cornelius Washington and Willie Washington, entered pleas of guilty to armed robbery and received 25-year sentences without benefit of probation, parole or suspension of sentence.
Darnell, Cornelius and Willie Washington were among those who testified during the resentencing hearing. They described Williams’ part in the Lessley robbery and other crimes, including burglary and arson, during which Williams used “Molotov cocktail” fire bombs he had made.
Williams, the Washingtons said, helped plan and was a willing participant in the Lessley robbery. Armed with a pistol, Williams served as a look-out; and later, after Lessley had been shot, Williams helped remove stolen weapons from the residence and shared in stolen money. He also wanted to drive the get-away car, also stolen.
The trial judge found “. .. that Rowan Williams took part in the inner circle of the . . . group run by his father, and in this respect he helped plan many crimes to get guns and money. Part of the aim of the group was to place the white and black citizens in mortal fear and under their control. Rowan Williams took part in the Lessley armed robbery and' other crimes, and this Court believes he would commit other crimes if he were released. His attitude was found to be hostile and beligerent by the probation officer.. .”
Also, the trial judge found Williams to be “. . . the more intelligent planner and participant ...” and that he was not under the domination of a militant father. These findings, which were supported by the re-sentencing record, differ from those expressed by this Court in the April 6, 1981, opinion.
At the time of his arrest, Williams was attending San Francisco City College in California.
Williams had lived with his grandmother, Mrs. Alice Mae Campbell, during his teenage years while his father was in New York. Mrs. Campbell said that Williams was more intelligent than the three Wash-ingtons and that Williams was not under his father’s influence “. . . because he hadn’t been living with him too long.”
Later, on cross examination:
Q. Mrs. Campbell, do you feel like Kwablah, the father of Rowan Williams, did not influence him?
A. I’m positive he didn’t.
Considering the trial judge’s closing colloquy with regard to the LSA-C.Cr.P. art. 894.1 guidelines, it is clear that she felt that Williams was in dire need of correctional treatment and that a lesser sentence would deprecate the seriousness of an armed robbery in which an innocent victim lost his life.
Also, Judge Ragland felt compelled to sentence Williams to a longer term than those received by the Washingtons. “To give Rowan Williams anything less or even an equal sentence to the other participants,” she said, “would be unfair to the defendants who entered into the plea bargain and lived up to it.” The three Wash-ingtons confessed to various crimes and agreed to be prosecution witnesses.
After carefully considering the resentenc-ing record, we conclude that it does support the trial judge’s findings and her sentence of 40 years without benefit of probation, parole or suspension of sentence.
We affirm.

 Judge H. Charles Gaudin of the Court of Appeal, Fifth Circuit, and Judges Israel M. Augustine, Jr. and Philip C. Ciaccio of the Court of Appeal, Fourth Circuit, participated in this de-cisión as Associate Justices Ad Hoc joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Watson.