FORET, Judge.
Jerry Carpenter (defendant) was charged by bill of information with one count of simple escape[1]. He initially entered a plea of not guilty to the charge, but subsequent *1182 ly changed his plea to guilty. After completion of a cursory pre-sentence investigation, the trial court sentenced defendant to a term of three years at hard labor to run consecutively to any sentence which defendant was presently serving[2]. Defendant seeks review of his sentence.
ASSIGNMENT OF ERROR
(1) The trial court erred in imposing an excessive sentence on defendant in violation of LSA-Const., Art. 1, § 20.
FACTS
The record indicates that on the night of June 27, 1982, defendant and two companions escaped from LCIS (See footnote 1). Within two days, all three were apprehended without incident and were returned to the facility.
ASSIGNMENT OF ERROR NUMBER 1.
Defendant contends that the trial court erred in imposing an excessive sentence on him in violation of LSA-Const., Art. 1, § 20. He presents a number of arguments in support of this contention.
Defendant first argues that the trial court improperly considered the fact that a knife was found in the area where defendant and one of the other escapees were captured. We find no merit in defendant’s argument.
The source of information from which a sentencing court may draw are extensive, and traditional rules of evidence are not bars to consideration of otherwise relevant information. State v. Washington, 414 So.2d 313 (La.1982); State v. Douglas, 389 So.2d 1263 (La.1980). Certainly, information indicating that defendant may have attempted to arm himself following his escape was relevant, and was properly considered by the trial court in performing its sentencing function.
Defendant next argues that the trial court made no mention of defendant’s record while confined at LCIS, and that he had no disciplinary problems there that could have provided a basis for the sentence imposed on him. We disagree.
At the sentencing hearing, the trial court stated, with respect to defendant, that:
“You have apparently had a rather rebellious, defiant attitude from some of the disciplinary write-ups.”
In addition, the pre-sentence investigation report indicates that defendant immediately began to amass a formidable list of violations upon his arrival at LCIS. For these violations, defendant lost thirty days of Good Time, earned four days of extra duty, and spent twenty days in isolation. Since his escape, a recommendation has been made that he be transferred to a facility providing a higher level of security.
Finally, defendant argues that the trial court erred in imposing sentence on him and his two companions at the same hearing. He argues that by doing so the trial court was exposing each defendant to any possible prejudice the court may have felt toward one or more of the other defendants. He notes that the first defendant to be sentenced, James Pyron, became unruly during the proceedings, and eventually had to be bound and gagged for directing obscene remarks toward the trial court.
In his brief filed in this Court, defendant admits that he did not object to the sentencing hearing being held in this manner. In any event, there is no merit to defendant’s argument. A review of the transcript of that hearing does not show that Pyron’s objectionable behavior had any effect on the trial court’s sentencing of defendant.
The maximum sentence for a simple escape committed under the circumstances present in this case is imprisonment with or *1183 without hard labor for not more than five years; provided that such sentence shall not run concurrently with any other sentence. See LSA-R.S. 14:110.
The trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of that discretion. State v. Washington, supra; State v. Abercrumbia, 412 So.2d 1027 (La.1982).
In view of defendant’s prior criminal activity, the fact that he was in the custody of the Department of Corrections at the time he committed the instant offense, and the record of violations he amassed while in the custody of said Department, we do not consider a sentence of three years at hard labor to be “grossly out of proportion to the severity of the crime”. State v. Williams, 397 So.2d 1287 (La.1981). Hence, the sentence imposed is not excessive, and the trial judge did not abuse his discretion in imposing it.
Assignment of Error Number 1 is without merit.
DECREE
For the reasons assigned, defendant’s sentence is affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs and assigns brief reason.

. At the time of his escape, defendant was serving a term of five years at hard labor in the La. Correctional & Industrial School (LCIS), located near DeQuincy, after having been convicted of three counts of armed robbery by the 19th Judicial District Court (East Baton Rouge Parish). Thus, because of his escape from that facility, defendant was charged with a violation of LSA-R.S. 14:110(A)(1), which provides:
“§ 110. Simple escape; aggravated escape A. Simple escape is:
*1182 (1) The intentional departure, under circumstances wherein human life is not endangered, of a person imprisoned, committed, or detained, from a place where such person is legally confined or from a designated area of a place where such person is legally confined or from the lawful custody of any law enforcement officer or officer of the Department of Corrections;”

. See LSA-R.S. 14:110.