449 So.2d 452 (1984)
STATE of Louisiana
v.
Mack O. DAVIS.
No. 82-KA-2055.
Supreme Court of Louisiana.
April 2, 1984.
*453 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Edwin O. Ware, Dist. Atty., R. Greg Fowler, Asst. Dist. Atty., Paul D. White, Jr., Asst. Dist. Atty., for plaintiff-appellee.
Stephen E. Everett, Alexandria, for defendant-appellant.
CALOGERO, Justice.
Defendant Mack O. Davis was charged by bill of information with two counts of armed robbery, in violation of La.R.S. 14:64. After trial by jury, he was found guilty as charged on each count. He was thereafter sentenced to fifty years imprisonment at hard labor for each offense, the sentences to run consecutively.
On appeal originally, this Court affirmed defendant's conviction, but upon finding serious errors in the pre-sentencing investigation report and little or no articulation of the reasons relied on by the trial judge in imposing such apparently severe sentences, we vacated the sentences and remanded the case to the district court for resentencing in accordance with law. State v. Davis, 414 So.2d 1246 (La.1982).
On June 4, 1982, the trial judge again imposed a sentence of fifty years imprisonment at hard labor without benefit of parole, probation or suspension of sentence on each count, to run consecutively. Defendant again appeals, arguing that the consecutive penalties imposed by the trial court are excessive.
La. Const. art. I, § 20 prohibits the imposition by law of excessive punishment. This Court has, therefore, held that the imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional right against excessive punishment; that right is enforceable by this Court on appellate review. State v. Smith, 437 So.2d 252 (La.1983); State v. Telsee, 425 So.2d 1251 (La.1983). See also, State v. Williams, 397 So.2d 1287 (La. 1981). A punishment is considered constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Telsee, supra; State v. Sims, 410 So.2d 1082 (La. 1982); State v. Beavers, 382 So.2d 943 (La. 1980); State v. Goode, 380 So.2d 1361 (La. 1980). The trial court's reasons in imposing sentence, as required by La.C.Cr.P. art. 894.1, are an important aid to this Court in reviewing an allegedly excessive sentence. State v. Telsee, supra; State v. Sepulvado, 367 So.2d 762 (La.1979). A trial judge is given wide discretion in the imposition of *454 sentences within statutory limits; the sentence imposed by the trial court should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Sweeney, 443 So.2d 522 (La.1983); State v. Smith, supra; State v. Washington, 414 So.2d 313 (La.1982).
The record of sentencing should indicate that the trial court has considered not only the circumstances militating for incarceration, but also any mitigating factors. State v. Walker, 414 So.2d 1245 (La. 1982). In State v. Guiden, 399 So.2d 194, 200 (La.1981), U.S. cert denied, 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305, this Court noted that "[w]hile the trial judge need not articulate every aggravating and mitigating circumstance presented in La.C. Cr.P. Article 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." La.C.Cr.P. art. 894.1(C) requires the trial court additionally to state the factual basis for its sentencing conclusions. "Without the trial court's articulation of the factual basis of each ground which influenced its disposition, a sentence may appear to be arbitrary or excessive, unless there is evidence elsewhere of record which clearly illumines the sentencing choice." State v. Williams, 397 So.2d 1287, 1292 (La.1981), resentencing affirmed, 414 So.2d 371 (La.1982).
In the instant case, at the resentencing of defendant ordered by this Court because of inadequate articulation of the reasons to support an apparently excessive sentence, the trial court again imposed the identical sentence without much elaboration on its reasons for doing so. The court again relied principally upon defendant's second offender status. The same pre-sentence investigation report, with errors (as pointed out when we first considered this case, 414 So.2d at 1247), was again relied on and filed of record in the resentencing proceedings. Other than that, the trial court simply noted the circumstances of the crime. From this limited, and in part inaccurate, information, the trial court concluded that probation (if it would have been statutorily possible) would not be appropriate. The court then, without further articulation of reasons, jumped to the determination that fifty year sentences were appropriate and that the two sentences should run consecutively rather than concurrently.
While the trial court was certainly justified, based on the above information of record, in concluding that probation was inappropriate, the record before us does not support the trial court's unexplained conclusion that a fifty year sentence for each count, the sentences to run consecutively, was appropriate.
To the contrary, the record shows that the defendant was only seventeen years old at the time the offenses were committed. He was one participant among three or four others in the commission of the offenses. There is serious question raised as to whether this defendant actually was one of the perpetrators who was armed. The victims were not physically injured. Defendant voluntarily gave a statement to the police concerning the incidents, which made the state's case against him (for there was little other evidence) and assisted the police officers in making a case against some of the other perpetrators. Additionally the offenses were, for the most part, based on a common transaction, warranting concurrent sentences rather than consecutive ones. La.C.Cr.P. art. 883. Admittedly, defendant was on probation following an earlier guilty plea to simple burglary. But, that fact alone does not warrant the imposition of a one-hundred year sentence on a seventeen year old.
The record is devoid of any indication that the trial court considered the defendant's personal history, his mental and emotional health, or his potential for rehabilitation. Additionally, some of the information in the pre-sentence investigation report that was considered was inaccurate. Thus, the record simply does not reflect that the trial court adequately considered the guidelines set out in La.C.Cr.P. art. 894.1 in particularizing the sentence to the defendant. See State v. Grey, 408 So.2d 1239 *455 (La.1982); State v. Guiden, supra. Absent such record evidence to support the sentence, this 100 year sentence (two consecutive 50 year sentences), imposed on such a young offender, is excessive.
Therefore, although we are well aware of the fact that this defendant's sentences have already once been set aside, we nonetheless again vacate the sentences imposed and remand the case for resentencing in accordance with La.C.Cr.P. art. 894.1.[1]

Decree
Defendant's two fifty year consecutive sentences are vacated and the case is remanded for resentencing.
NOTES
[1] The Court is also aware of the fact that the judge who twice sentenced defendant to 100 years imprisonment has now retired and the case will be reconsidered by his successor.