BOUTALL, Judge.
As a result of an automobile collision on December 20, 1982, defendant Linda D. Williams was charged in two separate bills of information with violation of R.S. 14:32, negligent homicide, and R.S. 14:98, driving while intoxicated. After some preliminary pleadings, she entered a plea of guilty on both charges and a pre-sentence investigation was conducted. On December 2, 1983, she was sentenced to serve two years in the custody in the Department of Corrections on the negligent homicide charge, and sentenced to pay a fine of $500.00 and serve three months in the Parish prison for the driving while intoxicated charge. The sentences were to run concurrently unless she failed to pay the fine in which case the sentences were to run consecutively.
The defendant now appeals from those sentences assigning as error the imposition of an excessive sentence which constitutes cruel and unusual punishment, and the failure of the trial judge to comply with Article 894.1 of the Louisiana Code of Criminal Procedure.
The facts elicited from the record show that on the evening of December 20, 1982, Linda Williams was returning to her home in Baton Rouge from New Orleans. As she travelled westbound on Interstate 10 East in the Parish of St. James, she apparently lost control of her car, crossed the median directly into the path of oncoming traffic, and struck head-on the vehicle driven by the victim, William Magdoff. The victim was pronounced dead at the scene of the accident from multiple major injuries, including partial decapitation. The victim’s vehicle had been immediately ahead of a vehicle driven by Gigi Demarie, Mr. Mag-doff s girl friend, who witnessed the entire accident. The defendant herself was taken to a hospital, where she was treated for a dislocated hip and other minor injuries. A blood sample taken from the defendant at that time, approximately two hours after the collision, revealed that her blood alcohol level was .18%. See R.S. 32:662(A)(l)(c).
The penalty for the crime of negligent homicide, R.S. 14:32, is imprisonment with or without hard labor for not more than five years, a fine of not more than $5000.00, or both. The penalty for violation of R.S. 14:98, operating a vehicle while intoxicated, as of the date of the crime was a fine of not less than $100.00 nor more than $400.00, and in addition, the imposition of imprisonment in the parish jail for not less than 30 days nor more than 6 months or imposition of an order for the defendant to undergo treatment at a substance abuse treatment facility.
The sentences imposed as noted above are clearly within the máximums permitted under the law. Nevertheless, the Louisiana Supreme Court has held that imposition of a sentence, although within the statutory limit, may violate a defendant’s constitutional right against excessive punishment that is enforceable on appellate review. State v. Sweeney, 443 So.2d 522 (La.1983); State v. Daranda, 398 So.2d *193 1053 (La.1981); State v. Sepulvado, 367 So.2d 762 (La.1979). In addition, the trial court must consider in imposing sentences the statutory principles laid down in Article 894.1 of the Code of Criminal Procedure. Accordingly, the trial judge’s reasons for imposing sentence are an important aid to an appellate court called upon to review a sentence complained of as excessive. State v. Bradley, 414 So.2d 724 (La.1982); State v. Forshee, 395 So.2d 742 (La.1981).
In the instant case, the trial judge clearly complied with the provisions of C.Cr.P. Article 894.1. Indeed he gave quite lengthy and comprehensive written reasons for sentencing the defendant as he did. He pointed out that in sentencing the defendant to a period of incarceration, he had taken into consideration the social history, letters he received from family and friends of both the defendant and the victim, the presentence investigation report and its recommendations, the police report, and the applicable jurisprudence. He specifically alluded to multiple Article 894.1 facts, stating that he felt that there was an undue risk that defendant would commit another crime, that the defendant was in need of correctional treatment in a custodial environment, and that he felt that any lesser sentence would deprecate the seriousness of the crime. The judge then reviewed the factors relevant to a determination of a suspension of sentence or probation and applied each factor to this particular defendant’s circumstances, concluding that despite Mrs. William’s good family background, marital status, lack of prior criminal history and other mitigating factors, her conduct calls for severe condemnation. It is plain that the trial judge not only considered the guide-lines in particularizing his sentence to Mrs. Williams, he articulated his analysis and application of each individual criterion included in the statute. Clearly his was a studied rather than an arbitrary decision and constitutes full compliance with the statutory requirements.
Passing now to the constitutional question as to whether the sentence is excessive, the general rule is that a sentence is excessive if it makes no measureable contribution to acceptable goals of punishment and hence is nothing more than the needless imposition of pain and suffering, and is grossly out of proportion to the severity of the crime. State v. Conn, 420 So.2d 1123 (La.1982); State v. Williams, 397 So.2d 1287 (La.1981), appeal after remand 414 So.2d 371 (La.1982); State v. Bonanno, 384 So.2d 355 (La.1980). To determine whether the penalty is grossly disproportionate to the crime, we must consider the punishment and the crime in light of the harm to society caused by its commission and thus ascertain whether the penalty is so disproportionate to the crime committed as to shock our sense of justice. State v. Lodrige, 414 So.2d 759 (La.1982); State v. Goode, 380 So.2d 1361 (La.1980).
In reviewing the defendant’s background, we note that Linda Williams is a 39 year old mother of two sons aged 11 and 13. She has been married for some 18 years and has been employed almost continuously since 1965. She has a good educational background, having completed 2 years of junior college and various business courses, and has a realtor’s license. She has been active in her church and several youth organizations, and a number of relatives, friends and associates have written letters recommending that she not be incarcerated. Since the time of the accident, she has been receiving counseling from a psychiatrist and psychologist because of her feelings of guilt and remorse resulting from the victim’s death.
As to the facts of the accident, we have related them briefly above. There is no explanation offered except that Mrs. Williams was highly intoxicated, lost control of her vehicle, veered from the westbound lanes of Interstate Highway 10, crossed the median, entered the eastbound traffic lanes and collided with the victim’s vehicle.
The victim, William Magdoff, was a 19 year old student at Louisiana State University, who was returning home to New Orleans for the holidays. His girl friend, Gigi Demarie, was following immediately behind him in her own vehicle when the collision *194 took place. It is apparent from her testimony that the victim had no chance to avoid the accident and that his body was severely crushed and mutilated. His tragic and untimely death was a great loss to his parents and friends, as well as to the community.
While there are several mitigating factors that would tend to support a lesser sentence than that imposed by the trial judge, and certainly she did not intend the victim’s death, nevertheless we must consider that the defendant placed herself into a condition of high intoxication before embarking upon a long journey to Batón Rouge from New Orleans and we find no grounds to excuse or justify such conduct. The trial judge gave great attention to the mitigating factors as well as those factors which demonstrate the necessity of imprisonment, and we agree with his determinations. We refer to the case of State v. Green, 418 So.2d 609 (La.1982) which posed a somewhat similar balance of mitigating circumstances. In affirming a three year sentence of imprisonment, the court noted at page 615 the following:
“Ultimately, it appears that the considerations to be weighed are fairly clear. The defendant is basically a good person, having no criminal record, who is a productive member of society and a caring mother, and clearly is unlikely to commit another crime. On the other hand, the crimes she committed were extremely costly to society and the victim’s families, having taken the lives of two promising young people. Her crimes also demonstrate a need for more severe punishment as a deterrent and example for others who would drive motor vehicles while under the influence of alcohol.”
In applying these principles to the facts in this case, we conclude that the sentences imposed by the trial judge were within reason and do not amount to constitutionally excessive punishment. We do not consider that the mitigating circumstances outweigh the need to impose a sentence of incarceration in order to prevent further depreciation of respect for the law and to discourage other potential law breakers from the dangerous criminal conduct of operating a motor vehicle under the influence of alcohol.
The defendant’s sentences are affirmed.
AFFIRMED.