FORET, Judge.
The defendant, Ronnie P. Hawkins, has appealed the judgment of the trial court sentencing him to serve six years with the Louisiana Department of Corrections. Defendant contends that the trial court failed to comply with LSA-C.Cr.P. Art. 894.1 and that the sentence imposed is excessive. We affirm the defendant’s conviction, but vacate his sentence and remand.
The defendant was charged with attempted simple burglary in violation of LSA-R.S. 14:62 and 14:27 and convicted, after a trial by jury, of that offense. Defendant waived sentencing delays and was sentenced by the court to two years in the parish jail, which sentence was suspended, and defendant was placed on two years’ supervised probation. This sentencing occurred on June 20, 1984. On October 20, 1984, a resentencing hearing was held after it was discovered that the defendant had two prior felony convictions in California. The trial court resentenced defendant to serve six years at Angola. Six years is 'the maximum term of confinement for attempted simple burglary.
Defendant assigns as error the exces-siveness of his sentence. We find no basis in the record, articulated by the trial court, for the sentence imposed.
“... The trial court’s reasons in imposing sentence, as required by La.C.Cr.P. art. 894.1, are an important aid to this Court in reviewing an allegedly excessive sentence. State v. Telsee, supra; State v. Sepulvado, 367 So.2d 762 (La.1979). A trial judge is given wide discretion in the imposition of sentences within statutory limits; the sentence imposed by the trial court should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Sweeney, 443 So.2d 522 (La.1983); State v. *442 Smith, supra; State v. Washington, 414 So.2d 313 (La.1982).
The record of sentencing should indicate that the trial court has considered not only the circumstances militating for incarceration, but also any mitigating factors. State v. Walker, 414 So.2d 1245 (La.1982). In State v. Guiden, 399 So.2d 194, 200 (La.1981), U.S. cert denied, 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305, this Court noted that “[w]hile the trial judge need not articulate every aggravating and mitigating circumstance presented in La.C.Cr.P. Article 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant.” La. C.Cr.P. art. 894.1(C) requires the trial court additionally to state the factual basis for its sentencing conclusions. “Without the trial court’s articulation of the factual basis of each ground which influenced its disposition, a sentence may appear to be arbitrary or excessive, unless there is evidence elsewhere of record which clearly illumines the sentencing choice.” State v. Williams, 397 So.2d 1287, 1292 (La.1981), resentencing affirmed, 414 So.2d 371 (La.1982).”
State v. Davis, 449 So.2d 452 (La.1984).
The record, additionally, lacks any other evidence which would illumine the trial court’s sentencing choice. Therefore, we are unable to review the sentence imposed for excessiveness, absent some compliance with LSA-C.Cr.P. Art. 894.1.
Accordingly, the defendant’s conviction is affirmed, but his sentence is vacated, and this case is remanded for resentencing in compliance with the mandates of LSA-C. Cr.P. Art. 894.1.
SENTENCE VACATED AND REMANDED FOR RESENTENCING.