FORET, Judge.
The defendant, James Clayton Thompson, plead guilty to the charge of simple burglary in violation of LSA-R.S. 14:62. The trial court sentenced defendant to serve six years at hard labor, that sentence to run consecutively with any other sentence previously imposed. The defendant has appealed, assigning as error the trial court’s failure to comply with the mandates of LSA-C.Cr.P. Art. 894.1 and the resulting excessive sentence thereby imposed. We affirm the defendant’s conviction, but vacate his sentence and remand.
The defendant was charged with the simple burglary of the residence of Loree W. Maxie in Negreet, Louisiana. Defendant removed a collection of silver coins valued at $2,000.00 from the victim’s residence. The defendant plead guilty to the offense, and the trial court ordered a pre-sentence investigation and report prior to the sentencing. Based upon that information before the trial court, a six-year sentence at *938 hard labor was imposed. The statutory maximum term of imprisonment for simple burglary is twelve years, with or without hard labor.
The trial court’s reasons for sentencing indicate only that this defendant was nineteen years old at the time and a second felony offender, and in fact on probation at the time of sentencing for two separate felony offenses, one in Texas and one in Sabine Parish, Louisiana.
Despite the fact that the defendant is a second felony offender and therefore not entitled to a suspended sentence, LSA-C. Cr.P. Art. 894.1(C) requires that the court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence. Since we do not have the benefit of the pre-sentence report before us on review, we must rely on the articulation by the trial judge of his reasons for sentencing and any factual basis therefor contained in the record. The only information available to us is the defendant’s age and the fact that this is his second felony offense in Louisiana. There is nothing else in the record upon which to base a review of the excessiveness of the sentence imposed.
“_The trial court’s reasons in imposing sentence, as required by La.C.Cr.P. art. 894.1, are an important aid to this Court in reviewing an allegedly excessive sentence. State v. Telsee [425 So.2d 1251 (La.1983)], supra; State v. Sepulvado, 367 So.2d 762 (La.1979). A trial judge is given wide discretion in the imposition of sentences within statutory limits; the sentence imposed by the trial court should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Sweeney, 443 So.2d 522 (La.1983); State v. Smith, [437 So.2d 252 (La.1983)], supra; State v. Washington, 414 So.2d 313 (La.1982).
The record of sentencing should indicate that the trial court has considered not only the circumstances militating for incarceration, but also any mitigating factors. State v. Walker, 414 So.2d 1245 (La.1982). In State v. Guiden, 399 So.2d 194, 200 (La.1981), U.S. cert denied, 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305, this Court noted that “[w]hile the trial judge need not articulate every aggravating and mitigating circumstance presented in La.C.Cr.P. Article 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant.” La. C.Cr.P. art. 894.1(C) requires the trial court additionally to state the factual basis for its sentencing conclusions. “Without the trial court’s articulation of the factual basis of each ground which influenced its disposition, a sentence may appear to be arbitrary or excessive, unless there is evidence elsewhere of record which clearly illumines the sentencing choice.” State v. Williams, 397 So.2d 1287, 1292 (La.1981), resentencing affirmed, 414 So.2d 371 (La.1982).”
State v. Davis, 449 So.2d 452 (La.1984).
Absent a more thorough articulation by the trial court of the considerations taken into account in sentencing and the factual basis therefor, we are unable to review the excessiveness of the sentence imposed.
Accordingly, the defendant’s conviction is affirmed, but his sentence is vacated, and this case is remanded for resentencing in compliance with the mandates of LSA-C. Cr.P. Art. 894.1.
CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.