FRED W. JONES, Judge.
The defendant Wesley was charged with five counts of simple burglary of an inhabited dwelling. Pursuant to a plea bargain, he pled guilty to two counts of simple burglary (La.R.S. 14:62) and the other counts were dismissed. No presentence investigation was ordered. The defendant was sentenced on each count to four years imprisonment, with the sentences to run concurrently.
The defendant appealed his sentences, contending the trial judge failed to comply with La.C.Cr.P. Article 894.1 and meted out excessive sentences.
The defendant, 17 years old at the time of the burglaries, had no juvenile record. The record reflects that, after his arrest, he made a full confession, showed the police the homes he had burglarized, and assisted *82 in seeing that the stolen property was returned.
The trial judge was advised of and concurred in the plea bargain under which a ceiling of five years on the prison sentences had been agreed upon, with the sentences to run concurrently. During the course of the “boykinization” the trial court advised the defendant that he was going to impose concurrent prison sentences of four years, and proceeded to do so after entry of the guilty pleas, without giving any reasons.
The prosecutor and defense counsel then made statements to the trial judge requesting that defendant’s sentences be reconsidered and reduced and that he be placed on probation. Only at that time did the trial court give reasons for his sentences, and refused to reconsider them.
A trial judge is given wide discretion in the imposition of sentences within statutory limits. State v. Davis, 449 So.2d 452 (La.1984). While the trial court need not articulate every aggravating and mitigating circumstance presented in Article 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. This affords the appellate court an adequate basis upon which to determine whether the sentence is excessive.
However, where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even if there has not been full compliance with Article 894.1. State v. Landos, 419 So.2d 475 (La.1982).
Unfortunately, in this case not only did the trial judge totally fail to comply with Article 894.1, but there is not adequate information in the record to “illumine” and support the sentences. Consequently, it is impossible for us to determine whether the sentences imposed for this particular defendant are constitutionally excessive.
In State v. Stegall, 377 So.2d 103 (La.1979) and State v. Washington, 414 So.2d 313 (La.1982) our Supreme Court upheld sentences based in part on plea bargains. However, in both cases the trial judges stated adequate factual bases for the sentences, in addition to reciting their consideration of the effects of the plea bargains. That was not done in this case.
For the reasons explained, we vacate and set aside defendant’s sentences and remand the case to the trial court for resentencing in accordance with the guidelines of La.C. Cr.P. Article 894.1, with consideration to be given to a presentence report and, if the defendant is not placed on probation, reasons for refusal to do so be articulated for the record by the trial judge.
LINDSAY, J., dissents and assigns written reasons.