KNOLL, Judge,
dissenting.
For the following reasons, I respectfully dissent, finding the sentence excessive.
The sentencing court did not articulate any reason for sentence under Art. 894.1. The sentencing court’s articulation of reasons in imposing sentence as required by Art. 894.1 is an important aid to this court in reviewing an allegedly excessive sentence. State v. Davis, 449 So.2d 452 (La. 1984); State v. Telsee, 425 So.2d 1251 (La. 1983); State v. Sepulvado, 367 So.2d 762 (La.1979).
The presentence investigation report shows that defendant is thirty-five years of age, has two children, and is employed as a waitress. Although the presentence investigation report indicates that defendant had four California convictions within a six month period in 1972,[1] the sentencing court repeatedly commented that it would not consider those convictions because they were so far removed in time from the present offense. Accordingly, we find nothing articulated in the sentencing colloquy which would justify the sentence imposed on defendant.
Moreover, in reaching this conclusion, I also find that the record as a whole does not illumine the sentencing choice either. In my view, it is clear that defendant’s plea bargain cannot justify the two year sentence imposed. In that regard, I find that in charging defendant with three counts of possession of a Schedule III drug, the State overbilled defendant. Of particular note is the fact that the second charge against defendant for possession of a controlled dangerous substance, i.e., codeine, involved the same four pills for which defendant was charged with possession of butalbital, and to which she ultimately pleaded guilty.
Therefore, in my view the State relinquished nothing when it agreed to nolle pros the charge against defendant for possession of codeine. The record does not support the imposition of two years.
*334 Likewise, I have also considered whether defendant’s contemporaneous sentencing on the unrelated charge of theft should be weighed in our evaluation of the excessiveness of the present sentence. In reviewing this issue, the record is clear that defendant’s guilty pleas to these offenses were entered separately and the sentencing choices were independently made. I found no justification on the record for the one year sentence defendant received for her entry of a guilty plea to the charge of theft.

. The 1972 convictions are for theft, criminal contempt, possession of a controlled substance for sale, possession of a controlled substance, and contributing to the delinquency of a minor.