NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-555

STATE OF LOUISIANA

VERSUS

JOHN MICHAEL MURPHY

**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 61,467
HONORABLE CHARLES ADAMS, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Marc T. Amy, and Billy Howard Ezell, Judges.

AFFIRMED.

Don M. Burkett
District Attorney
Charles D. Soileau
Assistant District Attorney
P. O. Box 1557
Many, LA 71449
(318) 256-6246
Counsel for Appellee:
        State of Louisiana

Mark O. Foster
Louisiana Appellate Project
P. O. Box 2057
Natchitoches, LA 71457
(318) 572-5693
Counsel for Defendant/Appellant:
        John Michael Murphy

**DECUIR**, **Judge.**

Defendant, John Michael Murphy, was charged by bill of information with two counts of theft of a firearm, in violation of La.R.S. 14:67.15. Defendant withdrew his prior plea of not guilty and entered into a plea agreement wherein the State amended the charges to two counts of theft over five hundred dollars, in violation of La.R.S. 14:67(B)(1). Defendant was sentenced to serve three years at hard labor on each count, with the sentences to run concurrently. He was also ordered to pay restitution of his *pro rata* share of eight hundred and forty dollars.

This court dismissed Defendant's prior appeal and remanded the case to the trial court to allow the Defendant an opportunity to properly seek reinstatement of his right to appeal. *State v. Murphy*, an unpublished opinion bearing docket number 07-555 (La.App. 3 Cir. 9/12/07), 963 So.2d. 1107. Thereafter, the Louisiana Supreme Court granted Defendant's writ of certiorari and reversed and remanded the case to this court.

Accordingly, Defendant is now before this court on appeal, asserting that his sentence is excessive.

## FACTS

At the guilty plea hearing, the State recited the following facts:

MR. STRIDER:

> Yes, Your Honor. On the date in the Bill of Information, the Defendant, along with Randall Wayne Craig, went to Florien High School where they went into a car and stole their forty caliber GLOCK and a 270 rifle, both valued at over five hundred dollars.

## EXCESSIVENESS

In his sole assignment of error, Defendant argues that the sentences imposed are excessive. More specifically, Defendant contends that the trial court failed to fully review the mitigating factors before sentencing Defendant. We note that Defendant did not file a motion to reconsider his sentence and, therefore, his

excessiveness claim is barred by La.Code Crim.P. art. 881.1. However, in the interest of justice, this court has chosen to review such an assignment as a bare claim of excessiveness. *State v. Hargrave*, 05-1027 (La.App. 3 Cir. 3/1/06), 926 So.2d 41, *writ denied*, 06-1233 (La. 11/22/06), 942 So.2d 552.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La. 7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958.

2

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

The penalty for theft over five hundred dollars is not more than ten years with or without hard labor. La.R.S. 14:67(B)(1). Thus, Defendant's three-year sentences are significantly less than the maximum possible sentence. Additionally, Defendant received a significant benefit from his plea bargain, as he faced a maximum possible sentence of ten years at hard labor **without the benefit of probation, parole, or suspension of sentence and a fine of one thousand dollars** for the charge of theft of a firearm. La.R.S. 14:67.15(C)(1).

In *State v. Washington,* 414 So.2d 313 (La.1982), the defendant claimed that the trial court abused its discretion in imposing a six-year sentence for theft of property having value over five hundred dollars. "In view of the plea bargain, defendant's prior criminal activity, and the fact that defendant was on probation at the time of the instant offense, [the reviewing court did] not consider that a sentence of six years at hard labor and a fine of one thousand to be 'grossly out of proportion to the severity of the crime.'" *Id.* at 315 (*State v. Williams*, 397 So.2d 1287 (La.1981)).

In *State v. LeBlanc,* 578 So.2d 1036 (La.App. 3 Cir. 1991), the court upheld a ten-year sentence for one count of theft of property having a value over five hundred dollars. The court concluded that "[e]ven though the sentencing court's reasons for sentencing defendant are minimal. . . , the record presented more than adequate factual basis for the ten year sentence, and shows that the sentencing court considered the factors of [La.Code Crim.P. art.] 894.1."

In the instant matter, although the trial court did not specify for the record the mitigating circumstances it found applicable to this particular Defendant, the record

3

reflects that the sentencing court observed aggravating and mitigating factors before imposing his sentence. The following colloquy took place at sentencing:

THE COURT:

Mr. Murphy, reviewing your criminal history, there was an arrest for simple battery in '04. There was no disposition found on that. '04, possession of firearms with an obliterated serial number. Apparently you paid a fine on that criminal charge. This offense of theft of a firearm. The other charges of illegal use of weapons, aggravated criminal damage to property, those are dismissed. And November the 2nd of 2006, you now have a new arrest for aggravated assault and disturbing the peace. And that matter is pending, is that correct?

THE DEFENDANT:

Yes, sir

. . . .

THE COURT:

Apparently you were honorably discharged. Served in Iraq, is that correct?

THE DEFENDANT:

Yes, sir.

THE COURT:

But however, since coming home it appears that you've made some bad decisions on what you need to be doing.

. . . .

THE COURT:

You're not married at this time.

THE DEFENDANT:

No, sir.

THE COURT:

Do you have any children?

THE DEFENDANT:

4

No, sir.

THE COURT:

According to your statement, had a difficult childhood. A stepfather that was abusive.

THE DEFENDANT:

Yes, sir.

Furthermore, Defendant's offense resulted in a significant economic hardship to the victim. In light of the cases cited above, the plea bargain, and the fact that the sentences are in the lower range, we find that the trial court did not abuse its discretion. Accordingly, this assignment if without merit.

## DECREE

For the foregoing reasons, Defendant's sentences are affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.