482 So.2d 143 (1986)
STATE of Louisiana
v.
Glenn FORDE.
No. KA 2638.
Court of Appeal of Louisiana, Fourth Circuit.
January 15, 1986.
M. Craig Colwart, New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Maria M. Lazarte, Asst. Dist. Atty., New Orleans, for appellee.
Before GARRISON, CIACCIO and WILLIAMS, JJ.
*144 CIACCIO, Judge.
By bill of information the district attorney charged defendant with armed robbery. A jury found defendant guilty of attempted armed robbery. The court sentenced defendant to serve twenty-five years at hard labor. The district attorney then filed a bill of information charging defendant as a second felony offender. Defendant admitted the allegations of the multiple bill. The court resentenced defendant to serve fifty years at hard labor. Defendant appeals his conviction and sentence relying upon three assignments of error. We affirm.

FACTS
On an afternoon during the Mardi Gras season defendant entered a neighborhood bar and began shooting pool with some other patrons. Witnesses at trial testified that all of the patrons in the bar were regular customers except defendant whom they claimed not to have seen before. After a couple hours all of the regular customers left the bar leaving defendant alone in the bar with the bartender.
The bartender testified that she stepped into the kitchen area and as she returned defendant stuck a gun in her face and demanded money from the register. The first cash register she opened did not contain any money. Defendant then demanded that the victim give him the jewelry she was wearing and open the other register. From this second register defendant was given some one-dollar bills, some five-dollar bills, and some ten-dollar rolls of quarters from People's bank.
Defendant then exited the bar and the victim called the police. The victim testified that she would not have given defendant the items he stole if he had not had the gun.
When the police arrived the victim indicated that she would be able to recognize the perpetrator if she saw him again. On the chance that they might locate the perpetrator, the police officers drove the victim around the area in their car. A few blocks away from the bar the victim pointed out the defendant as the perpetrator. The defendant was standing on the street speaking to another man. The police officers testified that defendant's appearance fit the description of the perpetrator which the victim had previously given. Responding to the officers' inquiry the victim assured the officers that she was positive that the man she was pointing to was the perpetrator.
Based upon the victim's identification the police officers arrested defendant. Incidental to the arrest the officers searched defendant and recovered some one-dollar bills, some five-dollar bills, some ten-dollar rolls of quarters from People's Bank, and a ring which the victim identified as hers, taken during the robbery. (One officer testified that the victim had been asked twice to describe the ring before she saw it and identified it as hers. The officer said the victim's description matched the appearance of the ring.)
Trial witnesses called by defendant testified to give him an alibi and to explain his possession of the ring and the rolls of quarters.

ERRORS PATENT
We have reviewed the record for errors discoverable by an inspection of the pleadings and proceedings. La.C.Cr.P. Art. 920(2). We have found none.

ASSIGNMENTS OF ERROR
Defendant argues first that the trial court erred by denying his motion to suppress evidence. Shortly after the commission of the crime the victim positively identified defendant, to the arresting officers, as the perpetrator. The officers had probable cause for arrest. La.C.Cr.P. Art. 213. The evidence seized during the course of the search incident thereto was properly admissible at trial. State v. Robinson, 342 So.2d 183 (La.1977); State v. Marks, 337 So.2d 1177 (La.1976). The trial judge did not err by denying defendant's motion to suppress evidence.
*145 Defendant next argues that the evidence is not sufficient to sustain his conviction. The jury is the sole judge of the facts. The jury apparently did not believe the testimony which gave defendant an alibi and an explanation for his innocent possession of incriminating evidence. Viewing the evidence in the light most favorable to the prosecution, we find that any reasonable trier of fact could have found every element of the crime of armed robbery to have been proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The jury's verdict of attempted armed robbery is sufficiently supported by the evidence adduced at trial. La.R.S. 14:27 C.
Defendant's last argument attempts to support the conclusion that his sentence is excessive. A trial judge is given wide discretion in the imposition of sentences within statutory limits. The sentence imposed by the trial court should not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Davis, 449 So.2d 452 (La.1984).
As a second felony offender defendant was subjected to a statutory sentencing range of a minimum of sixteen and one-half years to a maximum of ninety-eight years. La.R.S. 14:27, 14:64, 15:529.1. Defendant was not statutorily eligible for the benefits of parole, probation, or suspension of sentence. The trial court sentenced defendant to fifty years at hard labor.
La.C.Cr.P. Art. 894.1 provides general sentence guidelines to aid the court in determining whether it should impose a sentence of imprisonment or whether it should suspend the sentence or admit defendant to probation. Since defendant's conviction of attempted armed robbery and adjudication as a second felony offender required a minimum sentence of sixteen and one-half years imprisonment, the guidelines of La.C. Cr.P. Art. 894.1 would seem superfluous. La.C.Cr.P. Art. 894.1C provides, however, that, "The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence."
The trial court's reasons for imposing a particular sentence are an important aid to an appellate court reviewing an allegedly excessive sentence. State v. Davis, supra. The Louisiana Supreme Court has noted that "while the trial judge need not articulate every aggravating and mitigating circumstance presented in La.C.Cr.P. Article 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." State v. Guiden, 399 So.2d 194, at 200. (La.1981), cert. denied 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982). Further, "without the trial court's articulation of the factual basis of each ground which influenced its disposition, a sentence may appear to be arbitrary or excessive, unless there is evidence elsewhere of record which clearly illumines the sentencing choice." State v. Williams, 397 So.2d 1287, at 1292 (La.1981), resentencing affirmed, 414 So.2d 371 (La.1982).
The trial judge in this case indicated that subsection A. (3) of La.C.Cr.P. Art. 894.1 was his ground for imposing sentence, and articulated that the factual basis therefor was that besides the conviction of attempted simple burglary (which was the prior offense used in the multiple bill) defendant also had a prior conviction for armed robbery. The record does not reveal whether the trial judge gave any consideration to the so-called "mitigating factors" contained in La.C.Cr.P. Art. 894.1B. Nevertheless, the sentence does not appear to us to be arbitrary or excessive.
The only factors which might possibly have militated in defendant's favor are B. (6) and (11). Giving defendant the benefit of any doubt on these two points, we do not find the sentence imposed to be arbitrary or excessive. Further, we find no manifest abuse of discretion. The sentence imposed by the trial court will not be set aside as excessive.

DECREE
For the reasons assigned above, defendant's conviction and sentence are affirmed.
AFFIRMED.