HALL, Chief Judge.
Defendant, Lawrence Fuller, was convicted by a jury of attempted aggravated rape in violation of LSA-R.S. 14:42, 27. He received the maximum sentence of 50 years imprisonment at hard labor. He appeals his conviction and sentence. We affirm. FACTS
The events leading up to the crime with which defendant is charged occurred shortly after noon on May 28, 1985 at the home of Mrs. Gloria Roberson in Frierson, DeSo-to Parish. At that time, after having been refused entry by Mrs. Roberson, the defendant attempted to force his way into her home. A struggle ensued and Mrs. Roberson called for her daughter, Lydia, to “go get the gun,” which Lydia did. The defendant, repelled by the sight of the gun, retreated to his car and sped away. After a momentary delay, Mrs. Roberson and Lydia drove up the road to make sure defendant was not coming back. As they approached the mobile home of their neighbor, Letitia Renee Prudhomme, they noticed that defendant’s blue and white car was parked there and that the door to the mobile home was wide open. Fearing for Mrs. Prudhomme’s safety, Mrs. Roberson began blowing the horn on her car and continued to blow it for several minutes, until the defendant ran out the door. Mrs. Roberson aimed the gun at him and kept it pointed at him until he drove away.
At trial, Mrs. Prudhomme testified that she was in the kitchen ironing, and that her three-week old baby was asleep in a cradle in the living room, when she saw the defendant drive into her driveway and get out of his car. She immediately locked the front door and went back to ironing, hoping he would leave if his knocks went unanswered. Defendant began beating on the side of the trailer and eventually Mrs. Prudhomme opened the door á little to see what he wanted. She testified that the defendant said “I am coming in”, and that she told him he was not. They struggled and eventually the defendant jerked the door out of Mrs. Prudhomme’s hands and got inside the home. Mrs. Prudhomme testified that during this struggle, the defendant was trying with one hand to unzip his pants. She went to the kitchen, got a butcher knife and then pleaded with the defendant not to hurt her or her baby. He responded by throwing her against the sink and squeezing her wrists until the pain made her drop the knife. Next, he pinned her against the kitchen table and lunged his body against hers. The struggle continued against the cabinets, on the kitchen floor, against the chairs and into the living room. Mrs. Prudhomme testified that the defendant was trying to unzip his pants during the whole time they were strug *659 gling. At one point Mrs. Prudhomme broke free and got to the door but could not bring herself to leave her baby. The defendant jerked her tiack into the trailer. They struggled, hit the floor and he wrapped his leg around her. Mrs. Prud-homme testified that she was immobilized and the defendant was trying to “get into” her shorts, stating “you know you want me” when Mrs. Roberson’s horn sounded. Mrs. Prudhomme then exclaimed, “There is my husband.” The defendant jumped up and went to the front door. Mrs. Prud-homme followed and pushed him out of the trailer.
At trial defendant testified that he intended to rape Mrs. Prudhomme and replied, “maybe” when asked if he would have in fact raped her if Mrs. Roberson hadn’t driven up when she did.
ASSIGNMENT OF ERROR NO. 4
Sufficiency of the Evidence
By this assignment, defendant contends that considering the law and evidence adduced at trial, no reasonable finder of facts could have concluded that the prosecution carried its burden of proof to establish that the defendant was guilty of attempted aggravated rape.
LSA-R.S. 14:27 provides in part:
A.Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
D. Whoever attempts to commit any crime shall be punished as follows:
(1) If the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not more than fifty years; ....
LSA-R.S. 14:42 provides:
A. Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
(1) When the victim resists the act to the utmost, but whose resistance is overcome by force.
(2) When the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution.
(3) When the victim is prevented from resisting the act because the offender is armed with a dangerous weapon.
(4) When the victim is under the age of twelve years. Lack of knowledge of the victim’s age shall not be a defense.
(5) When two or more offenders participated in the act.
B. For purposes of paragraph (5), “participate” shall mean:
(1) Commit the act of rape.
(2) Physically assist in the commission of such act.
C. Whoever commits the crime of aggravated rape shall be punished by life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.
The standard for reviewing a claim of . insufficiency of the evidence is whether viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that the defendant was .guilty. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Defendant contends that Mrs. Prud-homme’s resistance was never overcome and therefore he was only guilty of attempted forcible rape and not attempted aggravated rape. Although Mrs. Prud-homme broke free from the defendant at one point, the record reveals that at the time of the neighbor’s intervention Mrs. Prudhomme was pinned to the floor, unable to move, the defendant’s leg was wrapped around her, and he was attempting to remove her shorts. These facts are sufficient to support a conviction of attempted aggravated rape under LSA-R.S. 14:27 and LSA-R.S. 14:42 A.(l) in that the defendant had the specific intent to commit a rape by *660 overcoming with force the victim’s utmost resistance and engaged in acts tending directly toward the accomplishment of his object. The victim resisted to the utmost and her resistance was overcome, completion of the crime being prevented by the arrival of the neighbors at the scene and not by the victim’s ability to further resist.
Since the intent, resistance and force elements of attempted aggravated rape were proven beyond a reasonable doubt, the argument that the defendant was only guilty of the lesser, responsive offense of forcible rape has no merit.
This assignment is without merit.
ASSIGNMENTS OF ERROR NOS. 1, 2 and 3

Sentence

By these assignments defendant contends that the trial court erred by failing to properly apply the sentence guidelines set forth in LSA-C.Cr.P. Art. 894.1 and by failing to state the considerations taken into account and the factual basis therefor in imposing sentence on the defendant. He also contends that his sentence was excessive.
A presentence investigation report was ordered and the trial judge considered the defendant’s age, education, employment record, personal history and prior criminal history before pronouncing sentence. The report revealed that the defendant had graduated from high school in 1980, had been employed twice for a total of 16 months since high school graduation, had never been married and had no dependents. The defendant had no juvenile record. As an adult, he was charged with battery in 1984, but the charges were dismissed. Subsequent to the instant offense, the defendant was charged with simple escape and simple battery.
The trial judge’s written reasons for sentence indicate that his decision to sentence the defendant to the maximum term of 50 years at hard labor was influenced by the bizarre and puzzling fact that the defendant committed two unprovoked attacks on women in one day. He was also influenced by the probability that the defendant would have raped Mrs. Prudhomme had he not been interrupted. The penalty for aggravated rape is life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. LSA-R.S. 14:42. A court cannot ignore the underlying circumstances of the crime and still individualize the sentence. State v. Day, 414 So.2d 349 (La.1982), State v. Jenkins, 456 So.2d 174 (La.App. 2d Cir.1984) writ denied 460 So.2d 1043 (1984). The serious nature of the crime of attempted aggravated rape, the violent struggle which occurred between the defendant and Mrs. Prudhomme in her home before the defendant overcame her resistance, and the lingering emotional effects of the crime on Mrs. Prudhomme and her husband where additional factors emphasized by the trial judge. He reasoned that a lesser sentence than the one imposed would depreciate the seriousness of the offense.
We find that the trial judge adequately considered the Art. 894.1 guidelines and clearly articulated the factual basis for the sentence imposed. There was no error in the formal application of the Art. 894.1 guidelines.
Regarding the length of his sentence, defendant alleges that the trial judge was unduly preoccupied with the seriousness of the crime and asserts that since he was not armed, did not attempt to strike anyone and did not communicate any threats of bodily harm to the victim, the maximum sentence was not warranted.
Maximum sentences are generally appropriate only in cases involving defendants who commit an offense in the most serious manner and who are determined, under statutory guidelines, to be the worst kind of offenders. State v. Hobbs, 494 So.2d 1246, 1251 (La.App. 2d Cir.1986). In the present case, defendant threatened three women in two separate incidents. He was not deterred by the fact that there were two women present at the Roberson house when he attempted to force his way into the home. He only retreated upon the appearance of a gun. At the Prudhomme residence, he was not deterred by a butcher knife nor was he dissuaded by Mrs. Prud- *661 homme’s repeated pleas for mercy or her high level of physical resistance. Defendant’s persistence indicates that but for the intervention of the Robersons, defendant would have raped Mrs. Prudhomme. Under the recited circumstances, we do not find the maximum sentence to be legally excessive or to be a manifest abuse of the court’s sentencing discretion. State v. Square, 433 So.2d 104 (La.1983).
These assignments lack merit.
CONCLUSION
For the reasons assigned defendant’s conviction and sentence are affirmed.
Affirmed.