BYRNES, Judge.
On February 19, 1987, defendant William Brock was convicted of molestation of a juvenile, a violation of R.S. 14:81.2, and sentenced to ten years at hard labor. On appeal, Brock asserts that there was insufficient evidence to convict him of the charged offense and that his sentence was unconstitutionally excessive. We disagree and affirm.
FACTS
Defendant was engaged to Ms. Gorman, the victim’s mother, and had been living with her in their Algiers residence since early 1986. In June of 1986, Gorman’s three year old child “B.G.” who had previously been living with the child’s grandmother, moved into the apartment that Brock and Gorman shared. On August 8, 1986, “B.G.” complained to her mother that her “pee pee” hurt as she went to the bathroom. Gorman examined “B.G.” and found what she described as one of Brock’s pubic hairs lodged "... in between the flaps of her private area”. When Gorman asked “B.G.” about this, the child would not answer. Gorman remarked that “B.G.” acted stiff and withdrawn at that time. Later when Gorman explained to “B.G.” that she was going to sever her relationship with Brock, the child stated that Brock was bad and that he had touched her private area. Gorman then locked Brock out of the apartment.
Four days later Gorman related what “B.G.” had told her to a neighbor. The police were called and an investigation begun. “B.G.” was then taken to Charity Hospital where she was examined by Dr. Garza who found her vaginal area “very, very red” with abrasion to the right side of the vaginal area. He concluded that the trauma was most likely caused by manual digital manipulation. Dr. Garza ruled out self-manipulation. Brock was arrested that day and charged with molestation of a juvenile.
At trial, Gorman testified to the events of August 8, 1986, and related a suspicious occurrence which happened about a week prior to that date when Gorman noticed blood in “B.G.” ’s stool. Gorman asked Brock why “B.G.” was bleeding, and he responded "... she’s just constipated and sometimes you bleed like that”. Gorman further stated that at times “B.G.” did not want to be left alone with Brock and appeared very stiff. Gorman also testified that she had once awakened to find Brock “sitting on the rim of the tub with her [“B.G.”] between his legs. They would be fully dressed, but she would be full of tears as if she wants to say something to me but can’t”. Gorman further testified that Brock would often pick up “B.G.” from the babysitter's house while she worked and take her back to the apartment. Gorman also stated that “B.G.” was never left unattended at home and was never left alone with any other men.
*479 Cheryl Donato also testified that “B.G.” use to play with her daughter at the Dona-to home. She stated that “B.G.” was very playful when Brock was not around but when he would arrive, she would “be quiet, not talkative at all, scared half of the time and really stiff”.
Brock, who also testified at trial, stated that he did not molest “B.G.” and that there were no other men around the apartment who would have had the opportunity to sexually abuse “B.G.”. At the conclusion of trial, a jury found Brock guilty as charged. This appeal follows.
ASSIGNMENTS OF ERROR
By his first assignment of error, Brock asserts that the State failed to show beyond a reasonable doubt that he was guilty of the crime charged. We disagree. In reviewing this claim we must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Bosiere, 488 So.2d 965 (La.1986). This test applies to both direct and circumstantial evidence. State v. Porretto, 468 So.2d 1142 (La.1985); R.S. 15:438.
In order to convict the defendant in this case, the State was required to prove that:
(1) there was a lewd or lascivious act committed by a person over the age of seventeen upon the person or in the presence of any child under the age of seventeen and that the age difference between the two parties is greater than two years; (2) that the act was done with the intention to arouse or gratify the sexual desires of either person; and (3) the act was accomplished by the use of force, violence, duress, menance, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. R.S. 14:81.2; State v. Perry Mack, 514 So.2d 567 (La.App. 4th Cir.1987).
The record establishes beyond reasonable doubt that “B.G.” was the victim of a “lewd or lacivious act” — someone caused trauma to the child’s vagina by manual digital manipulation. The testimony of Dr. Garza was sufficient to establish the occurrence of the act and rule out the possibility that the trauma was self-inflicted. The record also leaves no doubt that Brock was over seventeen and that “B.G.” was more then two years younger. In fact at the time of trial, “B.G.” was 4 and Brock was 23.
As to the identity of the perpetrator, “B.G.” told her mother that Brock hurt her and had touched her private parts. The mother testified to this at trial. Brock himself, while denying his guilt, admitted that the child had not been left unattended and that no other man would have had the opportunity to molest her. Testimony at trial also revealed that Brock often volunteered to help “B.G.” when she went to the bathroom, that he was observed by the child’s mother sitting on the edge of the bathtub with the child between his legs (although both were clothed at the time). Viewing this testimony in the light most favorable to the prosecution, we find that it was sufficient to support the jury’s conclusion that Brock was the perpetrator.
As to the second element of the offense, the State had to prove that the perpetrator acted with the intention of arousing sexual desires of one of the parties.
The testimony of Dr. Gazara established that the trauma to the child’s vagina was caused by digital manipulation and was not self-inflicted. The only reasonable explanation for such manipulation is some sort of sexual gratification for one of the participants. This common sense conclusion, combined with the circumstances outlined above, were in our opinion sufficient to exclude every reasonable hypothesis of innocence and prove beyond any reasonable doubt that the act which constituted the offense in this case was performed with the intention of arousing or gratifying the sexual desires of one of the parties.
The third element of the offense required a showing that the act was accomplished through the use of force, psychological in *480 timidation, or the use of influence by virtue of a position of control or supervision over the juvenile. In our opinion, the record establishes that Brock was in a position of control and supervision over He was often alone in the apartment with the child and at these times provided adult supervision and control. Moreover, the nature of his relationship with the child’s mother reinforces our belief that Brock was either placed in or assumed control over “B.G.” from time to time. The record also established that “B.G.” was stiff and uncomfortable in Brock’s presence, thus indicating the possibility of psychological intimidation. Taken as a whole, the facts and circumstances of the case provide ample proof of this element of the offense.
Having considered all the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Brock committed the crime of molestation of a juvenile.
This assignment of error is without merit.
By his second assignment of error, Brock contends the trial court’s sentence was excessive. We disagree. Article I, Section 20 of the 1974 Louisiana Constitution prohibits the imposition of excessive punishment. A sentence, although within the statutory limit, may be unconstitutionally excessive if it is “grossly out of proportion to the severity of the crime” or “is nothing more than the purposeless imposition of pain and suffering”. State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. den., Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). The trial court is given wide discretion in the imposition of sentences within statutory limits, and the sentence it should not be set aside as excessive in the absence of a manifest abuse of its discretion. State v. Cann, 471 So.2d 701 (La.1985).
To ensure adequate appellate review, there must be an indication in the record that the trial court considered both aggravating and mitigating factors set forth in C.Cr.P. Art. 894.1 when it sentenced the defendant. State v. Thomas, 447 So.2d 1053 (La.1984); State v. Forde, 482 So.2d 143 (La.App. 4th Cir.1986).
At the sentencing of the defendant in the present case, the trial court meticulously complied with the requirements of C.Cr.P. Art. 894.1, as is apparent from the following portion of the transcript:
“The Court has considered the sentence in accordance with Code of Criminal Procedure Article 894.1 and finds as follows: The defendant’s conduct in this case caused permanent harm, both to the victim and her mother. It cannot be said in such a case that the defendant did not contemplate that his conduct would cause serious harm or act [sic] on the strong provocation; nor can it be said that the victim induced or facilitated the commission of the crime or that it can be excused or justified in any manner.
The defendant has no apparent criminal record, but it cannot be said that his criminal conduct was a result of circumstances unlikely to occur [sic]. Probation is simply not appropriate to a crime of this magnitude. In view of the foregoing, a lesser sentence than that which is about to be imposed would deprecate the seriousness of the defendant’s crime. It is, therefore, the sentence of this Court that the defendant, William Brock, serve ten years at hard labor in the custody of the Department of Corrections”.
Under the circumstances of this case, we conclude the trial court did not abuse its discretion in sentencing the defendant to ten years at hard labor. This sentence is five years less than the maximum which could have been imposed under R.S. 14:81.2(C). In our opinion, the nature and circumstances of this offense justify the sentence imposed.
This assignment of error is without merit.
For the above reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.