544 So.2d 32 (1989)
STATE of Louisiana
v.
Wallace BELL.
No. 88-KA 1827.
Court of Appeal of Louisiana, Fourth Circuit.
May 9, 1989.
*33 Helen Ginger Berrigan, Gravel & Brady, New Orleans, for appellant.
Harry F. Connick, Dist. Atty., Susan Kreston, Asst. Dist. Atty., New Orleans, for appellee.
Before CIACCIO, WARD and PLOTKIN, JJ.
CIACCIO, Judge.
Wallace Bell was charged with the illegal and intentional procurement, possession or concealment of things of value, to-wit: a J.C. Penney T.V. set, stereo equipment, a J.C. Penney credit card and Charmin bathroom tissue, valued in the amount of $500 or more. La.R.S. 14:69. The defendant was found guilty as charged and sentenced to ten years at hard labor. He appeals his conviction and sentence based upon two assignments of error. We affirm.
On May 23, 1986, Mr. Andrew Johnson was found dead from a blow to the head. He was inside his apartment at 3313 South Saratoga Street, Apartment "E" in New Orleans. There was evidence of forced entry into the apartment.
Following an on the scene investigation, Detective Marco Demma, NOPD, obtained a search warrant for 3313 S. Saratoga, Apartment "I", where the defendant resided with his girlfriend, Sandra Jackson, and his brother. A search of the defendant's apartment revealed property which had belonged to the murder victim. The police recovered a J.C. Penney television set, a Sears stereo component system, and a J.C. Penney credit card in the name of Andrew Johnson.
Based upon this evidence, an arrest warrant was issued for the defendant. He was arrested in Mississippi at his grandfather's house. At the time of his arrest Bell stated that he did not commit the murder but he bought the television and stereo equipment "off the street." The defendant waived extradition and was returned to New Orleans for trial.
At trial, a neighbor, Gilbert Bradstreet, testified that on the date in question he saw Bell carrying the victim's television toward the back of the apartment building where they lived. He also stated that on that day he heard "rattling" on the steps which lead from the victim's apartment to the defendant's apartment.
The defendant's live in girlfriend, Sandra Jackson, also testified at trial. She stated that she saw a stereo and television in their apartment on the morning Johnson was killed. She also stated that the dresser in the bedroom, which had been blocking the back door of the apartment, had been pushed aside. Ms. Jackson commented to the defendant about the television and stereo and asked whether it came from close around their area, she was told "you wouldn't believe it." Ms. Jackson further testified that she noticed a spot on the defendant's shirt which appeared to be *34 blood. The defendant told her it came from his toe which was bleeding.
Assignment of Error No. 1
In his first assignment of error, the defendant contends that the state failed to prove an essential element of the charged offense in that they failed to prove that the illegal goods possessed by the defendant were valued at $500 or more. La.R.S. 14:69(B)(1).
In cases involving a challenge of the sufficiency of the evidence, the standard of appellate review is whether viewing the facts in the light most favorable to the prosecution, any rational trier of fact could have found the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In this case since the defendant was charged with possession of stolen property valued at $500 or more it was essential for the state to prove the value of the property possessed. In satisfying its burden of proof the state may introduce the physical items possessed by the defendant into evidence thus enabling the jury to examine them and determine their condition and value. State v. Lambert, 475 So. 2d 791 (La.App., 3rd Cir., 1985), writ den. 481 So.2d 1345 (La.1986).
In the present case the physical items which were the subject of the charged offense were introduced into evidence.
In addition, the state called two experts to testify regarding the value of these items.
Ms. Carol Delery, a sales manager at Sears Roebuck & Co., was called. She testified that the stereo home entertainment unit which was seized from the defendant's home was a Sears product. She stated that the retail price of the unit was $649.99 and it first sold in this local area on August 23, 1984. The item which had been discontinued since February, 1987 had sold at various sales prices since August 1984 ranging from $399 to $499. There was no record that the unit had been repaired by Sears.
Ms. Ann Boudreaux, a security manager of records at J.C. Penney, was also called by the state. She testified that, according to a duplicate sales receipt, the television in question was purchased by the victim on April 24, 1984 and he paid $899.95 for it at that time. There was also no record that the seller repaired this unit.
A defense expert, David Goldberg, an appraiser and employee of Goldberg Auction Galleries was also called to testify. According to Mr. Goldberg, the stereo unit was valued at $150 and the television was, in his estimation, worth $200 to $250.
In this case the state introduced evidence to prove that the items in question were less than two years old at the time of this offense and their original purchase price was between $1298 and $1589. Although the state did not introduce evidence of value at the time of the offense and a defense expert valued the items at $350$400, the actual items were introduced into evidence for the observation and ultimate valuation by the jury. Thus, the jury could have reasonably disregarded the testimony of the defense expert and found based upon the totality of the evidence presented that the stolen items were worth $500 or more at the time of the offense.
Considering the facts in the light most favorable to the prosecution any rational trier of fact could have found that the state proved every essential element of the crime beyond a reasonable doubt.
For these reasons, assignment of error number 1 lacks merit.
Assignment of Error No. 2
In his second assignment of error, Bell contends that his sentence of ten years is unconstitutionally excessive.
Louisiana Revised Statute Title 14 Section 69 provides for the following pertinent penalty:
Section 69. Illegal possession of stolen things
A. Illegal possession of stolen things is the intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances *35 which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses. B. (1) Whoever commits the crime of illegal possession of stolen things, when the value of the things is five hundred dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.

* * * * * *
Article I, Sec. 20 of the 1974 Louisiana Constitution prohibits the imposition of excessive punishment. A sentence may be reviewed for excessiveness, even though it is well within statutory limits. State v. Cann, 471 So.2d 701 (La.1985). The imposition of a sentence, although within the statutory limit, may be unconstitutionally excessive if it is "grossly out of proportion to the severity of the crime" or "is nothing more than the purposeless imposition of pain and suffering." State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. den. Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985), reh. den. 473 U.S. 921, 105 S.Ct. 3547, 87 L.Ed.2d 670. In order to insure adequate review by the appellate court, there must be an indication in the record that the trial court considered both the aggravating and the mitigating factors set forth in C.Cr.P. art. 894.1 in determining the defendant's particular sentence. State v. Forde, 482 So.2d 143 (La.App. 4th Cir.1986); State v. Caston, 477 So.2d 868 (La.App. 4th Cir.1985).
In this case the trial judge considered the aggravating and mitigating factors as required by Louisiana Code of Criminal Procedure Article 894.1. She stated that defendant was 25 years old, employed and living with his girlfriend.
She reviewed a presentence report which recommended against probation. She stated for the record that the defendant had plead guilty to a charge of simple robbery in March 1984 and that he had a juvenile record with several offenses ranging from criminal trespass to robbery.
In addition to the defendant's prior record, the trial judge also took into consideration the strong link between the murder of Andrew Johnson and the possession of his personal effects by the defendant. The judge stated in her reasons for judgment:
Albeit that the jury was undecided in the first degree murder case, I am of the opinion and I have expressed that opinion to the State as well as to the defense, that although you may not have committed the murder, you at least know who did it, and that you were in the very close proximity of that whole occurrence.

* * * * * *
Now, I don't want to go into the reasons for that. But, suffice it to say that when I'm sentencing you on the possession of stolen property, I do that knowing that you, by the Grace of God, escaped a conviction on the murder charge. And, I also do that knowing of your background.
Under the circumstances of this case we do not find that the trial judge abused her discretion in imposing the maximum sentence allowed by statute for the charged offense.
Assignment of error number 2 lacks merit.
For these reasons the defendant's conviction and sentence are affirmed.
AFFIRMED.