WARD, Judge.
Defendant Dwayne Lewis was charged on July 28, 1988, by bill of indictment with violations of La.R.S. 14:42, aggravated rape, La.R.S. 14:27/14:42, attempted aggravated rape and La.R.S. 14:60, aggravated burglary. He was arraigned on August 5, 1988, and entered a plea of not guilty. At his trial on February 22, 1989, a twelve member jury found him guilty of attempted aggravated rape and attempted aggravated burglary. Defendant Lewis was sentenced March 10, 1989, to fifty years for the attempted aggravated rape conviction and to fifteen years for the attempted aggravated burglary conviction to run concurrently with the first sentence. Mr. Lewis appeals, arguing his sentence is excessive.
At trial Mary Ann Penichet testified that on the night in question she was asleep in her bedroom in the apartment she shared with the victim when she heard a scream which woke her. When Miss Penichet entered the living room she found her friend on her knees crawling toward the open door. The victim asked her to call 911 “because someone tried to rape me.” (Trial transcript, p. 22). The victim had a large bruise on her cheek and was crying hysterically. The victim testified that about 2:00 A.M. on May 5, 1988, she was talking on the telephone when she heard someone trying to get in. Thinking it was her other roommate, she opened the door to find there a young black man. He put a gun to her face and forced his way into the living room. He grabbed her pony tail in his left hand and held a gun to her neck with his right hand. He noticed her purse on the counter and asked if she had any money. She replied that she had only a credit card that was overdrawn. He pushed her down to her knees and kept a gun to her head as he tried unsuccessfully to pull her shorts off. The victim described his threat:
(H)e stopped. He came over my left shoulder. The gun was in his right hand still and at the same time he let go of my hair. He popped the chamber out of the gun. The gun was a revolver. He pulled the bullet out of the gun and he said, “Look, I’m going to show you something. This is serious. This is no joke. I can fucking kill you if I want to.” He put the bullet back in the chamber and then shut the chamber to the gun. (Trial transcript, p. 34)
He then ordered her to unbutton her shorts and hit her on the side of the face with the gun. She screamed and fell to the floor. At that moment Mary Ann Penichet came into the room and the assailant fled. NOPD Detective Ronald James Puigh of the Rape Investigation Section testified that he spoke with the victim, who was leaving town, and arranged to send her photographs of suspects in the investiga *1087 tion. He instructed her not to open the envelope until she spoke with him. On June 14 the victim received a Federal Express envelope and spoke with Detective Puigh on the telephone. She opened the photo lineup, while talking with the detective, and identified a picture of the defendant as the man who had burst into her apartment and attempted to rape her.
The defendant argues that the trial court erred in imposing an excessive sentence. To support his argument, defendant contends that the trial court failed to give adequate reasons for the sentence. Article I, § 20 of the 1974 Louisiana Constitution prohibits the imposition of excessive punishment. A sentence may be reviewed for excessiveness even though it is well within statutory guidelines. State v. Cann, 471 So.2d 701 (La.1985). The imposition of a sentence may be unconstitutionally excessive if it is “grossly out of proportion to the severity of the crime” or “is nothing more than the purposeless imposition of pain and suffering.” State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. den. Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). To insure adequate review by the appellate court, the record must indicate that the trial court considered the factors set forth in La.C.Cr.P. art 894.1. State v. Forde, 482 So.2d 143 (La.App. 4th Cir.1986); State v. Caston, 477 So.2d 868 (La.App. 4th Cir.1985).
In this case the trial judge complied with the guidelines. He found the following aggravating circumstances: the defendant, nineteen years old, single and unemployed, has a lengthy juvenile record, including five prior arrests for burglary. In a separate case he is under indictment and waiting trial on charges of aggravated rape and aggravated burglary. The trial court recited the facts of the case and concluded:
Facts such as these speak eloquently for the severest penalty allowed under the law. This defendant, without provocation or need, forced his way into a defenseless, young woman’s home at a late hour and terrorized her, attempted to rape her, and then pistol whipped her. Any lesser sentence would deprecate the seriousness of this defendant’s crime. (Sentencing transcript, p. 2). .
There are no mitigating circumstances. Once adequate compliance with C.Cr.P. article 894.1 is found, the sentence will not be set aside in the absence of an abuse of the trial court’s sentencing discretion. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal on remand, 446 So.2d 1210 (La.1984).
In determining whether the judge abused his discretion and imposed an unconstitutionally excessive sentence, the sentence imposed in this case must be compared to that imposed in other cases with similar circumstances and defendants.
In State v. Fuller, 514 So.2d 657 (La.App. 2d Cir.1987), a sentence of fifty years for attempted aggravated rape was upheld where an unarmed assailant attacked and attempted to rape a woman in her home. He was deterred by the arrival of a neighbor. In the instant case, the defendant was armed, threatened to kill his victim and hit her in the face with his gun. Under these circumstances, we do not find the maximum sentence to be illegally excessive or an abuse of the court’s sentencing discretion. State v. Square, 433 So.2d 104 (La.1983).
Accordingly, we find no merit in Mr. Lewis’ claim. Additionally, we have reviewed the record for errors patent and have found none. The defendant’s convictions and sentences are affirmed.
AFFIRMED.