CIACCIO, Judge.
Defendant Reginald A. Green, Jr., was charged on June 8, 1988, by bill of information with á violation of La.R.S. 40:967, distribution of cocaine. He was arraigned on June 13, 1988, and plead not guilty. At trial on January 24, 1989, a twelve member jury found the defendant guilty as charged. Mr. Green was sentenced on April 5, 1989, to ten years at hard labor. He now appeals, arguing the trial court erred in imposing an excessive sentence.
At trial NOPD Officer Sandra Simpson of the narcotics unit testified that on May 5, 1988, at 6:50 P.M. she and her partner, Officer Pedro Marina, were dressed in plain clothes, driving an unmarked car at the intersection of D’Abadie and Tonti Streets, when Raven Lation waved to them. They slowed down and Mr. Lation approached the car asking, “What do you want?” Officer Marino answered, “I want a bag.” Mr. Lation responded that he had only “rocks.” When the officers indicated they wanted a rock, Lation motion to the defendant Green. Mr. Green came to the car and put his left hand through the window. He had two rocks in the palm of his hand. He asked, “How many do you need? How many do you want?” The officer took one and paid Mr. Green $20. As they drove away, Officer Simpson radioed the surveillance officers a description of the defendant and Mr. Lation. The officers stopped after a block and returned to see if the backup team had found the suspects. They saw the suspects with their hands up against a parked car. Ms Simpson radioed to the backup team that they had the right men. At the police station Officer Simpson recovered the twenty dollar bill given to Mr. Green; the serial number matched the number of the bill she had used to pay for the rock.
Officer Jeff Sislo of the backup team testified that on May 5, 1988, he was part of the narcotics unit working on D’Abadie and Tonti Streets. He said that when Officer Simpson radioed that she and her partner had successfully purchased drugs from two men, he drove to the corner and saw the two, who had crossed the street by then. He got out of the car, showed his identification to the suspects and asked them to put their hands on the front of the car. He found the twenty dollar bill given to Mr. Green in Mr. Lation’s pocket. Officer Simpson radioed him then that the men he was holding were the men who had sold her cocaine.
The defendant argues that the trial court erred in imposing a substantial sentence in that no drugs or money were found on him and only a small amount of cocaine was purchased from him. He was sentenced to serve ten years at hard labor. La.R.S. 40:967 B(l) provides that conviction for distribution of cocaine is punishable by a term of imprisonment at hard labor for not less than five years nor more than thirty years.
Article I, § 20 of the 1974 Louisiana Constitution prohibits the imposition of excessive punishment. A sentence may be reviewed for excessiveness even though it is well within statutory guidelines. State v. Cann, 471 So.2d 701 (La.1985). The imposition of a sentence may be unconstitutionally excessive if it is “grossly out of proportion to the severity of the crime” or “is nothing more than the purposeless imposition of pain and suffering.” State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. den. Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). To in *178 sure adequate review by the appellate court, the record must indicate that the trial court considered the factors set forth in La.C.Cr.P. art 894.1. State v. Forde, 482 So.2d 143 (La.App. 4th Cir.1986); State v. Caston, 477 So.2d 868 (La.App. 4th Cir.1985). The failure of the trial judge to specifically enumerate for the record the factors considered and the basis for imposing the sentence as required by C.Cr.P. art. 894.1 does not render a sentence invalid. An appellate court may uphold a sentence if the record clearly illuminates the sentencing choice and reflects that the sentence is not excessive. State v. Smith, 430 So.2d 31 (La.1983); State v. Talbert, 543 So.2d 585 (La.App. 4th Cir.1989).
In sentencing the defendant in the instant case, the Court simply stated:
Court sentences the defendant to serve ten (10) years with the Department of Corrections, give him credit for time from date of arrest.
While it may have been preferable for the trial judge to have stated for the record the factors he considered in imposing the sentence, we find that the record supports his sentencing choice. Our review of the record indicates that on January 27, 1989 the trial judge ordered that a Pre-Sentence Investigation Report be made by the probation department before defendant was sentenced. Defendant was actually sentenced on April 5, 1989, and we presume the court had the benefit of the report at that time. Further, the sentencing transcript reflects that the trial court was aware that defendant had a previous felony conviction.
Under these circumstances, we cannot say that a ten year sentence of this defendant, which is well within the statutory range of five to thirty years for distribution of cocaine, is excessive.
Accordingly, for the reasons stated above, the defendant’s conviction and sentence are affirmed.
AFFIRMED.