SCHOTT, Chief Judge.
Defendant was convicted of attempted first degree murder of a police officer, R.S. 14:27, 14:30, and sentenced to fifty years, the maximum allowed by the statute.
On June 28, 1988, at about 8 p.m. Officer Gary Dewey of the New Orleans Police Department was inside a van parked in a school yard near the Fischer Housing Project. He was conducting a surveillance of vehicles suspected of drug activity. The van had tinted windows. As he was seated on a beverage cooler behind the driver’s seat, the defendant passed the front of the van and proceeded to the rear passenger side. At this point the defendant said, "I'm going to kill you, M. F.” and he began firing a gun into the side of the van. Dewey returned fire, and, was hit with a bullet and flying glass. Dewey drove away and enlisted help from other officers.
A friend of the defendant testified that shortly before the shooting he was with the defendant approaching the location of the van. Defendant told him they had a van in the school yard and said, “Come on, Let’s go shoot it up.” This witness testified as to the following conversation between him and the defendant. “He said, ‘Come on, man. I going to shoot that police.’ So I said, ‘No, man. I ain’t going and shoot no police.’ That’s when he said, ‘F ... you.’ ” and they parted. He heard the shooting and defendant came running from the school yard. As he passed the witness, defendant said, “Man, I shot that bitch.”
The defendant’s sole assignment of error is that the sentence is excessive. To insure adequate review by the appellate court, the record must indicate that the trial court considered the sentencing guidelines provided by C.Cr.P. art. 894.1. State v. Forde, 482 So.2d 143 (La.App. 4th Cir.1986). From the Court’s lengthy consideration of the defendant’s history and the facts of this case, the following comments are excerpted:
The gentlemen’s record as a juvenile includes arrests for theft, negligent injury and theft in 1983 and ’84. Additional juvenile arrests for theft, simple battery, criminal trespass, simple burglary of a vehicle in 1986 and ’87. In 1987 he was adjudicated a delinquent for the crime of attempted armed robbery with a pistol, for which he was sentenced to 18 months in the custody of the Louisiana Department of Corrections at the Louisiana Training Institute. In 1988 the gentleman pled guilty to possession of a stolen automobile in Section J of the Criminal District Court. In 1989 he was arrested on the 26th day of February for the crime of aggravated assault. That charge was refused. On the first day of July 1989 he was arrested for this charge_ According to the record ..., it is the opinion of family members that this defendant has no respect for authority. He’s very impulsive. He has no respect for life. He works intermittently as a mechanics helper. He is 18 years old.
[T]he Court finds that any conduct by the defendant in this case cannot be said to have in any way not caused or threatened serious harm. His conduct certainly caused or threatened serious harm. .... There is no indication that this man acted under any provocation. The person inside the van had not in any way accosted him, confronted him, nor in any way did anything to him to provoke him. There is substantial risk in this case that this man, if he was permitted to be released into open society, would continue *750 to commit criminal activity, to engage in criminal activity, commit further crimes obviously. The Court finds that there are no grounds substantial or otherwise that would tend to excuse or justify his conduct.The defendant does have a history of prior delinquency and criminal activity, including á conviction for attempted armed robbery with a weapon in 1987 as a juvenile, including a conviction as an adult for possession of a stolen automobile. He was released as noted ... and within 24 hours of his release from Orleans Parish Prison while awaiting sentencing and without the knowledge of Judge Cannizzaro as to that release, he committed this crime. The defendant ... cannot be said to have com-mited [sic] this criminal activity as a result of circumstances that are unlikely to occur. The character and attitude of the defendant indicates that he is likely to commit further crimes. The defendant is not likely ... to respond affirmatively to probation. I’m not aware of any circumstances that would cause the imprisonment of this gentleman to entail excessive hardship to himself or any dependents.He is certainly in need of corrections treatment in a custodial environment, that can be provided most effectively by his commitment to an institution. Any sentence less than the sentence that the court will impose ... will deprecate the seriousness of the defendant’s crime. I believe that you knew that someone was inside of the vehicle. .... I can find absolutely nothing at this time in mitigation on your behalf. I sense that you have a total wanton disregard for life.... You have a prior criminal record, including a juvenile conviction and you are awaiting sentence for possession of a stolen automobile.... [W]ithin 24 hours of your being released you committed this crime with that weapon. As to the man who testified against you, I have strong reason to believe, ... that he ... was involved with you.
The trial court adequately complied with C.Cr.P. art 894.1 by considering the defendant’s personal history, record, and the likelihood of recidivism or rehabilitation. State v. Soco, 441 So.2d 719 (La.1983), appeal after remand, 508 So.2d 915 (La.App. 4th Cir.1987). Once adequate compliance with C.Cr.P. article 894.1 is found, the sentence will not be set aside in the absence of an abuse of the trial court’s sentencing discretion. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal on remand, 446 So.2d 1210 (La.1984).
Since we find that the maximum sentence in this case was clearly within the sentencing discretion of the trial court, the conviction and sentence are affirmed.
AFFIRMED.