Judgment rendered April 8, 2026.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,696-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

LADARRIUS HODGE                       Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 382,125

Honorable Ramona L. Emanuel, Judge

* * * * *

LOUISIANA APPEALS
& WRIT SERVICE                        Counsel for Appellant
By: Remy V. Starns
    Michael A. Mitchell
    Sara A. Clarke

JAMES E. STEWART, SR.                 Counsel for Appellee
District Attorney

REBECCA A. EDWARDS
CHRISTOPHER BOWMAN
FERNANDO B. GRIDER, JR.
Assistant District Attorneys

* * * * *

Before ROBINSON, MARCOTTE, and ELLENDER, JJ.

**ELLENDER, J.**

Ladarrius Hodge appeals as excessive a reimposed sentence of 18 years at hard labor, without benefits, for possession of a firearm or carrying a concealed weapon by a convicted felon. For the reasons expressed, we affirm.

On the evening of April 2, 2021, Hodge was riding as a front-seat passenger in a Toyota Corolla being driven by Sonique Kennon; in the backseat were Kennon's young son (of whom Hodge is the father), sister, and the sister's two children. Police stopped Kennon on Fairfield Avenue for driving with high beams on and for having a plastic cover obscuring the car's license plate. Once the car was stopped, officers smelled burnt marijuana wafting from the open window and saw two of the children in the backseat were unrestrained. Officers arrested Kennon for driving without a license and having unrestrained children in the car.

Officers also spotted a black backpack on the floorboard between Hodge's feet. Hodge was removed from the car and, on questioning, admitted the marijuana was his, stashed in a cup in the car; he was arrested and placed in a separate police unit. The backpack was searched and found to contain a loaded 9mm Hi-Point pistol with an extended magazine. Hodge denied the pistol was his; Kennon initially said it was hers, but then admitted she had reported it stolen and later given it to Hodge.

Hodge had pled guilty in December 2019 to unauthorized entry of an inhabited dwelling, sentenced to a fine only, and placed on supervised probation for 18 months. For the instant offense, the state charged him with

possession of a firearm or carrying a concealed weapon by a convicted felon, La. R.S. 14:95.1. He posted bond shortly afterward.[1]

The matter came to trial in April 2023, with the first day devoted to jury selection. Hodge attended the first day but, without explanation, failed to appear for the rest. After two days of evidence, the jury deliberated slightly under one hour and found him guilty as charged. The court did not order a presentence investigation report but directed the parties to submit sentencing statements, which were duly submitted.

On the day of sentencing, September 7, 2023, Hodge returned to court. Defense counsel filed motions for new trial and post verdict judgment of acquittal; after a brief recess, the court denied both. After counsel announced ready to proceed, the court sentenced Hodge to 18 years at hard labor, without benefits.

On original appeal, this court rejected Hodge's claim of insufficient evidence to convict. However, we found the district court failed to observe the 24-hour sentencing delay of La. C. Cr. P. art. 873; we therefore vacated the sentence and remanded for resentencing. *State v. Hodge*, 56,044 (La. App. 2 Cir. 12/18/24), 402 So. 3d 1223.

At resentencing, in February 2025, the district court reimposed the original sentence of 18 years at hard labor, without benefits. The court recommended him for any "special programs or life skill programs" available to him, including the Steve Hoyle program; the court recognized he had already taken this program and certain others.[2] The court stated,

---

[1] The state also charged him with possession of marijuana, but this charge was later dropped, by amended bill of information.

[2] Steve Hoyle is an intensive substance-abuse treatment program. *State v. Harris*, 55,467 (La. App. 2 Cir. 2/28/24), 380 So. 3d 837.

2

however, that Hodge "left and refused to return to his trial even after being given the opportunity," a fact she considered "very concerning and cannot be overlooked." Finally, the court gave him credit for time served and advised him of the right to post-conviction relief "in accordance with the Code of Criminal Procedure."

Counsel filed a motion to reconsider sentence urging only the excessiveness of the sentence. Hodge filed a pro se motion to "amend or modify to reduce sentence," citing his "exemplary achievements toward rehabilitation that have been successfully accomplished." The district court denied all motions after a brief hearing.

Hodge appealed raising one assignment: the sentence of 18 years at hard labor, without benefits, is excessive under the facts of the case. After citing the general principles of constitutional excessiveness and the trial court's wide discretion in sentencing, he contends the court failed to adequately consider the factors of La. C. Cr. P. art. 894.1, specifically that his actions did not cause or threaten serious harm; he was not carrying the gun on his person and did not use it to commit any crime of violence; and the fact that he absconded from trial had absolutely no bearing on the gravity of the underlying offense. He asks this court to reverse and remand for new sentencing.

Appellate review of sentences for excessiveness is a two-prong inquiry. The first prong is a review of the sentencing colloquy for compliance with the guidelines of La. C. Cr. P. art. 894.1. The sentencing court is not required to list every aggravating or mitigating circumstance, so long as it adequately considered them in particularizing the sentence to the defendant. *State v. Smith*, 433 So. 2d 688 (La. 1983). The goal of Art.

3

894.1 is to articulate an adequate factual basis for the sentence, not to achieve rigid or mechanical compliance with its provisions. *State v. Lanclos*, 419 So. 2d 475 (La. 1982). The important elements to be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981). Even in the absence of compliance with Art. 894.1, a sentence may be upheld if the evidence in the record clearly illumines the sentencing choice. *State v. Williams*, 397 So. 2d 1287 (La. 1981). The sentencing court may rely on the contents of the parties' sentencing memoranda, if these are not objected to. *State v. Trotter*, 55,477 (La. App. 2 Cir. 2/28/24), 380 So. 3d 866; *State v. Bailey*, 56,691 (La. App. 2 Cir. 12/17/25), 425 So. 3d 969.

The second prong is a review for constitutional excessiveness. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993). A sentence is deemed grossly disproportionate if, when crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/25/02), 805 So. 2d 166. The sentencing court has wide discretion in imposing a sentence within statutory limits, and such a sentence will not be set aside as excessive in the absence of manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/24/04), 893 So. 2d 7.

At Hodge's original sentencing, the district court stated that both sides had filed a sentencing memorandum, the court had met with all counsel, and all her questions had been answered. She also stated she had reviewed the

4

guidelines of Art. 894.1 and found the incarceration factors of Art. 894.1 (A) were present. She finally noted Hodge had completed a prior probation satisfactorily and was no longer eligible for probation. At the second sentencing, the court reimposed the original sentence, crediting Hodge for completing the special programs and life-skills programs originally suggested but reiterating he "left and refused to return during his trial," a fact the court found "very concerning and cannot be overlooked."

Despite the court's minimal compliance with Art. 894.1, the contents of the sentencing memos shed considerable light on the sentencing choice. The state's memo disclosed that Hodge's prior felony, in December 2019, was a charge of home invasion and battery of a dating partner, but he was allowed to plead guilty to unauthorized entry of an inhabited dwelling, resulting in only probation and the dismissal of the battery charge. He also had a July 2019 misdemeanor conviction for possession of marijuana and, in 2018, a dismissed charge of battery of a dating partner. Further, after Hodge's arrest on a bench warrant in July 2023, his phone calls from jail showed full awareness that law enforcement officers had been seeking to arrest him and he was purposefully evading them. The defense memo asserted that Hodge successfully completed 18 months of probation for the 2019 felony and, after posting bond for the instant offense, he remained on bond for over two years without incident; though not married to Kennon, the couple had two children together and one more on the way; at the time of trial he was working as a dishwasher at Magnolia Manor and had worked steadily as a cook, dishwasher, painter, or carpenter; and he helped his grandmother take care of his two cousins who have cerebral palsy and just completed high school.

5

The district court was fully aware of Hodge's family obligations, work history, and efforts at self-improvement since incarceration. However, Hodge had a criminal history, which resulted in a favorable plea bargain and probation, but only months after completing probation he was found in possession of a Hi-Point pistol, forming the basis of the instant offense. Despite making bail shortly after this arrest and going two years without incident, he bolted from trial and frustrated officers' attempts to bring him back to justice – conduct that obviously had a negative effect on his sentencing. On this record, despite the court's minimal recitation, we find adequate compliance with Art. 894.1 and adequate factual support for the sentence imposed.

Regarding the constitutional claim, we note the sentencing range for illegal possession of a firearm or carrying a concealed weapon by a person convicted of certain felonies is not less than 5 nor more than 20 years at hard labor, without benefits. La. R.S. 14:95.1 (B)(1). We acknowledge the sentence imposed, 18 years, while not the maximum, is somewhat longer than those imposed in other recent cases in which the firearm was not discharged. See, e.g., *State v. Sloan*, 55,856 (La. App. 2 Cir. 10/2/24), 400 So. 3d 1066, *writ denied*, 24-01362 (La. 2/19/25) (15 years); *State v. Adams*, 55,696 (La. App. 2 Cir. 5/22/24), 387 So. 3d 914 (12 years); *State v. Edwards*, 55,822 (La. App. 2 Cir. 10/2/24), 400 So. 3d 274 (10 years); *State v. Johnson*, 53,086 (La. App. 2 Cir. 11/20/19), 285 So. 3d 1168 (10 years). However, the court very clearly stated its displeasure at Hodge's effort to elude justice. There was also the extended magazine on the Hi-Point pistol, the presence of small children in the car, and evidence that somebody in the car was smoking marijuana. The sentence, though severe, reflects the

6

district court's valid concern over gun violence and the need to keep weapons out of the hands of felons. We perceive no abuse of the court's discretion. The assigned error lacks merit.

On our own motion, we note that, in passing sentence, the court advised Hodge of "the right to pursue post-conviction relief remedies to which you are accorded by law in accord with the Code of Criminal Procedure." This does not comply with La. C. Cr. P. art. 930.8 (D)'s requirement to inform the defendant of the prescriptive period for seeking PCR, which is two years.[3] Therefore, by means of this opinion, Hodge is officially informed that no application for post-conviction relief will be considered if it is filed more than two years after the judgment of conviction and sentence has become final under La. C. Cr. P. art. 914 or 922. *State v. Green*, 54,955 (La. App. 2 Cir. 4/5/23), 361 So. 3d 546.

For the reasons expressed, Hodge's conviction and sentence are affirmed.

**AFFIRMED.**

---

[3] This provision was previously designated as La. C. Cr. P. art. 930.8 (C), prior to amendment by 2025 La. Acts No. 393, effective August 1, 2025.

7